**UNITED STATES of America,
Appellant,**

v.

**Mario F. DRIGGS, Appellee.**

**No. 87–1046.**

United States Court of Appeals,
Third Circuit.

Argued June 16, 1987.
Decided July 16, 1987.

have jurisdiction under 18 U.S.C. § 3731 (1982).

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Richard L. Scheff, Asst. U.S. Atty., Ronald K. Noble (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellant.

Robert A. McAteer (argued), Baratta and Takiff, Philadelphia, Pa., for appellee.

Before SEITZ, MANSMANN, Circuit Judges, and DEBEVOISE, District Judge.[*]

## OPINION OF THE COURT

SEITZ, Circuit Judge.

The United States appeals from an order of the district court suppressing certain evidence prior to the trial of appellee Mario Driggs on a single count of violating the Hobbs Act, 18 U.S.C. § 1951 (1982). We

---

[*] The Honorable Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

1. On appeal, the government limits its challenge to the exclusion of evidence it feels is most critical to proving that Driggs violated the

## I.

Mario Driggs was indicted for extortion in receiving a $300 cash gift from Stephen Traitz, Jr., business manager of the Roofers' Union in Philadelphia. At the time of the alleged offense, Driggs had been elected but not yet sworn in as a Judge of the Philadelphia Municipal Court. Driggs allegedly received the cash gift in return for future judicial favors.

The government filed a pre-trial motion seeking a ruling that 39 tape-recorded conversations would be admissible at trial. These conversations were intercepted pursuant to a court-authorized electronic surveillance of the Roofers' Union local headquarters.

At the conclusion of the hearing on the Government's motion, the district court excluded 28 of the 39 taped conversations, and permitted only four of the remaining 11 to be admitted in their entirety. Essentially the court only admitted those conversations that made direct references to Driggs or indicated the source of the money to establish the interstate commerce element of the offense. The court also excluded any witness testimony relating to the excluded portions of the tape-recorded conversations.

In deciding the question of admissibility of the government's offer of the tape-recorded conversations, the district court found each of the recordings at issue in this appeal to be relevant and admissible under Federal Rules of Evidence 406, 803(1) and 803(3). However, the district court excluded such conversations after finding the probative value to be substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. The government appealed.[1]

---

Hobbs Act. It thus appeals the district court's ruling only with regard to the exclusion of substantial portions of four of the conversations and the complete exclusion of two others. The government also challenges the court's exclusion of any testimony by witnesses concerning

## II.

■ Federal Rule of Evidence 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....

Since the district court is called upon to exercise its discretion in ruling on the exclusion of evidence under Federal Rule of Evidence 403, it follows that on review we apply an abuse of discretion standard. *See United States v. Long,* 574 F.2d 761 (3rd Cir.), *cert. denied,* 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978).

■ The government contends that the trial judge erred because the excluded evidence was extremely important in establishing essential elements of a Hobbs Act violation.[2] The essential elements that the government must prove are that the defendant obstructed, delayed or affected commerce or attempted to do so; by extortion ("the obtaining of property from another, with his consent, ... under color of official right"); and that the defendant acted knowingly and willfully. *See* 18 U.S.C. § 1951. Because a Hobbs Act violation for extortion involves "the obtaining of property from another, with his consent," the government must prove not only that Driggs received $300 from Traitz, but also Traitz's state of mind regarding that payment. The excluded taped material tended to show the state of mind of Stephen Traitz, the Union's Business Manager, in giving money to various local judges. During these conversations Traitz stated that he gives money to judges because they would have six to ten years, depending on the length of their terms, to repay him through the exercise of their judicial discretion in ways beneficial to Traitz and to the Roofers' Union.

We turn now to the reasons given by the district court for its rulings with respect to the material which the government contends was improperly excluded.

The district court found all of the challenged evidence to be relevant. The court, however, excluded the evidence in question because it found that despite its probative value, it would be unfairly prejudicial to admit evidence of transactions with other public officials to bolster proof of payment or embellish other proof of Traitz's intent when Driggs was being tried on a single count indictment charging extortion. The court also found that such evidence ran the risk of confusing the issues by having the circumstances of payments to other persons intertwined with the circumstances of the alleged payment to Driggs. The district court believed that such evidence would result in guilt by association.

We find nothing *unfairly* prejudicial about showing that the charged conduct was part of a comprehensive scheme. If the government is not permitted to show that Traitz gave cash gifts to other judges, it becomes much more difficult for it to prove that he was paying Driggs because of his status as a judge—an essential element of a Hobbs Act violation.

As for the risk of confusing the jurors, we believe that this is the type of case where a jury could be expected to compartmentalize the evidence and consider it for its proper purposes. *See United States v. Dansker,* 537 F.2d 40, 62 (3rd Cir.), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1976). Evidence of payments made by Traitz to other judges places the crime charged against Driggs in context, helps to prove circumstantially that Traitz gave $300 to Driggs, and goes to Traitz's state of mind with regard to the payments. The jury can fairly be expected to use this evidence for its proper purposes in determining whether Driggs committed a violation of the Hobbs Act.

Establishing that Traitz freely gave Driggs $300 in cash because he was a

---

subject matter excluded by the district court's ruling with regard to these tape recordings.

**2.** A legitimate part of the balancing analysis undertaken pursuant to Rule 403 involves evalu-

ating the presence or absence of a genuine need for the evidence in question. *United States v. Schwartz,* 790 F.2d 1059, 1061 (3rd Cir.1986).

judge is an essential element of the crime charged against Driggs. The exclusion of the evidence here involved, which tended to support that charge, was not reasonably justified either on the basis of unfair prejudice or possible jury confusion. Thus, as to the evidence involved in this appeal, the district court's ruling is inconsistent with a sound exercise of discretion. *Cf. McQueeny v. Wilmington Trust Co.*, 779 F.2d 916 (3rd Cir.1985) (Order excluding evidence under Rule 403 reversed where district court underestimated the probative value of the evidence and misevaluated its prejudicial impact); *United States v. Clifford*, 704 F.2d 86, 90 (3rd Cir.1983) (Rule 403 exclusion reversed where the excluded evidence was relevant and the district court erroneously concluded that the jury would be "seriously misled" by the evidence).

## III.

Accordingly, we will reverse the order of the district court and remand with instructions to admit the evidence challenged by the government in this appeal.