**UNITED STATES of America**

v.

**Joseph P. BRAIG.**

**Crim. No. 88–488–1.**

United States District Court,
E.D. Pennsylvania.

Jan. 10, 1989.

See also, 554 A.2d 493.

Frank DeSimone, Philadelphia, Pa., for Braig.

Richard L. Scheff, Asst. U.S. Atty., for U.S.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Defendant, Joseph P. Braig, was charged with ten (10) counts of mail fraud in violation of 18 U.S.C. § 1341 (one count of aiding and abetting in violation of 18 U.S.C. § 2) and one count of extortion, in violation of the Hobbs Act, 18 U.S.C. § 1951.

The indictment involves two events: 1) an insurance claim made by the defendant in August, 1983 for wind and water damages at his residence allegedly for work not performed or for costs less than that claimed; 2) a Hobbs Act extortion occurring allegedly on December 18, 1985, when defendant, at that time a judge of the Court of Common Pleas of Philadelphia County, received $500 from the business manager of the Roofers' Union in order to influence him in the conduct of his office.

Defendant moves for severance of the mail fraud counts from the Hobbs Act extortion count pursuant to Fed.R.Crim.P. 8 and 14. The government claims that the joinder was proper under Fed.R.Crim.P. 8 because in both offenses, the defendant's abuse of his official position as a judge and his exploitation of union contacts feature prominently. Furthermore, the government argues that defendant is not entitled to severance under Fed.R.Crim.P. 14 because the jury will be able to compartmentalize evidence relating to the separate offenses so that the defendant cannot meet his burden of articulating specific prejudice from a single trial.

The government concedes the defendant's argument and request is facially attractive; the court concludes it is also legally correct. Therefore, defendant's motion for severance will be granted and the mail fraud counts tried first in accordance with the government's request at oral argument.

Federal Rule of Criminal Procedure 8(a) states that:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

There is no contention that the offenses charged in this indictment are based on the same act or transaction or that they are connected together or constitute parts of a common scheme or plan. The government contends that they are of the same or similar character because the defendant used

his skills as a judge or his judicial power, position or ability to influence in both. It is correct that offenses which are of the same or similar character need not be identical and need only resemble each other in some respects or be somewhat alike. But here the only commonality is the fact that the defendant was a judge at the time the offenses were allegedly committed.

The offenses differ in time, victim, nature of the offense and facts involved. In one, the essence of the offense is use of the mails by anyone, public official or not. Defendant was a judge at the time he is alleged to have used the mails to claim insurance recompense for work not performed or for an amount in excess of the cost of repair; if proved, this is a crime whether or not the government can establish use of judicial office, powers or ability to obtain improper payments.[1] If the mere fact that the offenses were allegedly committed by the same person were a sufficient reason for joinder, there would be no such thing as an improper joinder and Rule 8 would be meaningless.

The government relies heavily on *United States v. Rabbitt*, 583 F.2d 1014 (8th Cir. 1978), where it was held that mail fraud and Hobbs Act offenses against a state legislator were properly joined under Rule 8(a). In *Rabbitt*, defendant, the Speaker of the House, was charged with mail fraud for accepting a payoff to assist car dealers in getting certain legislation passed and Hobbs Act offenses for attempting to extort money from truckers, to get other legislation passed, and from an architectural firm, to steer state contracts to them. It was held that these charges were properly joined under Rule 8 and that denial of

severance under Rule 14 was not an abuse of discretion. But all of these offenses stemmed from misconduct while defendant was a state legislator and involved a common plan to use his power, authority and influence as the Speaker of the House to influence legislation or the award of state contracts. Here only the Hobbs Act count allegedly involved the direct misuse of defendant Braig's own judicial power to obtain favored treatment for the Roofers' Union; the mail fraud counts involved alleged misrepresentation of amounts charged by contractors or not charged by them, perhaps in some instances indirectly because of contacts with unions other than the Roofers' Union, to obtain favorable treatment for the judge himself.

Defendant moves for severance under Fed.R.Crim.P. 14 providing that:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial. (Emphasis supplied).

Granting severance is a matter within the discretion of the court. When considering a motion for severance, the court must balance a number of considerations, most important of which is prejudice to the de-

---

1. The government also claims these counts are related because the Hobbs Act extortion count charges defendant accepted $500 from the Business Manager of the Roofers' Union with the knowledge that it was given to him because of his official position in order to influence the treatment of roofers if they appeared in court. It is now claimed, although not alleged in the indictment, that it was defendant's contacts with "labor organizations" that enabled him to get a free roof from the Roofers' Union, and other free services from the Glazers' Union, as well as free carpentry and electrical work. Only his contacts with the Painters' Union leading to the engagement of a particular painting contractor were arguably related to the alleged inflated insurance claim. The possibility that the government may show that Braig's contact with unions led him to contractors willing to participate in the alleged fraud does not render the mail fraud charges sufficiently related to the Hobbs Act charge to warrant their joinder.

fendant. A defendant seeking severance under Fed.R.Crim.P. 14, bears the burden of showing prejudice will result from a joint trial of different offenses.

In considering the burden of separate trials to the parties and the court, the court has considered the extent to which there is overlapping evidence and whether it might be admitted under Fed.R.Evid. 404(b) or excluded under Fed.R.Evid. 403 but there is little overlapping evidence in the trial of these offenses. Having established defendant's judicial position at the time of both offenses, trial of each could proceed without duplication of admissible evidence. Therefore, the time to try both charges of this indictment separately will not take appreciably longer than trying both charges together. From this it can also be plausibly argued that the jury will have no difficulty compartmentalizing the evidence.

But in deciding the issue of prejudice, the court cannot ignore the nature of the Hobbs Act charge involved in this case. The government must prove that the defendant accepted money from the Business Manager of the Roofers' Union with the knowledge that it was given to him because of his official position. The government's memorandum in opposition to defendant's motions mentions conversations taped at the offices of the Roofers' Union containing "numerous references" to defendant to justify his receiving $500 as opposed to $300 received by some other judges. Because of the difficulty of proving guilty knowledge, it has been established that numerous recorded conversations involving other judges and other events must be ruled relevant and admissible at trial. *United States v. Driggs*, 823 F.2d 52 (3d Cir.1987). This evidence, admissible on the Hobbs Act charge, would inevitably spill over to the unrelated issues and prejudice the defendant's right to a fair trial on the charges of insurance fraud. The court can think of no other practical reason for joinder of these charges in this indictment. Whether or not joinder is proper under Fed.R.Crim.P. 8, the court exercises its dis-

cretion to grant a severance in the interests of justice under Fed.R.Crim.P. 14.