**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 11-1501 and 11-1557

———————

UNITED STATES OF AMERICA;
THE PEOPLE OF THE VIRGIN ISLANDS

v.

ENRIQUE SALDANA,

Appellant in 11-1501.

v.

GEORGE N. GREENE, JR.,

Appellant in 11-1557.

———————

On Appeal from the District Court of the Virgin Islands
(Division of St. Thomas)
(D.C. Nos. 3-09-cr-00032-001 and 3-09-cr-00032-003)
District Judge:  Honorable Curtis V. Gomez

———————

Argued on December 8, 2011

Before:  FISHER, GREENAWAY, Jr., and ROTH, <u>Circuit Judges</u>

(Opinion filed:  March 30, 2012)

Darren John-Baptiste, Esquire
The Practice, PLLC
2329 Commandant Gade, Unit 3
St. Thomas, Virgin Islands   00802

Dolace McLean, Esquire **(Argued)**
VISIONS Law Firm
9003 Havensight Mall, Suite 319
St. Thomas, Virgin Islands   00802

Counsel for Appellant Saldana


Thurston T. McKelvin, Esquire
Federal Public Defender
Gabriel J. Villegas, Esquire **(Argued)**
Assistant Federal Public Defender
Office of Federal Public Defender
P.O. Box 1327
St. Thomas, Virgin Islands  00804

Counsel for Appellant Greene


Ronald W. Sharpe, Esquire
United States Attorney
Nolan D. Paige, Esquire **(Argued)**
Assistant United States Attorney
Office of United States Attorney
5500 Veterans Drive, Suite 260
St. Thomas, Virgin Islands   00802

Counsel for Appellee

O P I N I O N

**ROTH**, Circuit Judge:

In related appeals arising from the same prosecution and trial, Enrique Saldana appeals the District Court's March 18, 2011 judgment of conviction, and George N. Greene, Jr., appeals the District Court's May 3, 2011 judgment of conviction.  For the following reasons, we will affirm the judgments of the District Court.

## I. Background

On December 4, 2008, officers from the Virgin Islands Police Department (VIPD) seized and towed a car, previously rented by Rosemary Sauter, that Richard Motta, a subcontractor of Sauter's realty office, had borrowed and left unattended. Motta's black notebook and keys were inside the car, as well as a package of white flour that Motta had cooked to look like a brick of cocaine. When Motta and Sauter retrieved the car the following day, the items were missing, and Motta was told to call VIPD Lieutenant Enrique Saldana about them. Motta and Saldana spoke twice by phone but the items were not returned. One Louis Roldan subsequently approached Motta and told him that the package that the VIPD had seized from the car tested positive for heroin and would be turned over to federal authorities unless Motta paid $10,000.

Motta explained the situation to the Federal Bureau of Investigation. Under the direction of the FBI, Motta made recorded telephone calls to Roldan to inform him that he would pay only $5,000. Motta also tried calling Saldana. Wearing a recording device, Motta met with Roldan and VIPD Sergeant George N. Greene, Jr., to negotiate the details of the exchange. Santana was present at the meeting in a VIPD car but did not actively participate. Motta later met with Greene and Roldan again to exchange $5,000 in cash for the assurance that he would not be reported to federal law enforcement.

On August 4, 2009, the grand jury returned an eleven-count Indictment charging Greene, Saldana, and Roldan with various counts, including obstruction of justice,

extortion, and conspiracy.[1]  That same day, Greene gave a voluntary statement to Drug

Enforcement Administration (DEA) Special Agent Andrew Arthurton.

On December 14, 2009, Saldana, Greene, and Roldan proceeded to a jury trial,

which ended in a mistrial.  The retrial began on January 25, 2010.  During the trial, the

District Court rejected Greene's request for Agent Arthurton's rough notes and declined

to strike his testimony.  Greene testified at trial and was asked on cross-examination:

> Q:  And by the way, do you have any felony convictions?
> A:  Yes, I do.
> Q:  What are they?
> A:  Last –
> [Greene's Defense Counsel]:  Objection, Judge.  Objection.

Following a sidebar conference, the District Court instructed the jury "to disregard the

last answer that the witness gave."  A short time later, at the request of Greene's counsel,

the District Court gave a curative instruction:

> You may recall during the last witness that was examined, there was a reference to
> a conviction.  Just as it is not appropriate for you to consider any possible sentence
> during your deliberation, it is improper for you to consider the testimony
> concerning the conviction.  So you are to disregard that, as I had previously told
> you.

The District Court declined to give Saldana's proposed jury instructions on the public

authority defense, finding that no evidence supported giving such a charge.

---

[1]  On September 17, 2009, the grand jury returned a fifteen-count Superseding Indictment, which included two counts against Greene for unlawful possession of firearms with obliterated serial numbers, in violation of 18 U.S.C. §§ 922(k)(5)(A) and 924(a)(1)(B).  The District Court severed those two counts.  Greene was found guilty by a jury on both counts and sentenced to concurrent 30-month terms of imprisonment. Greene appealed, and we affirmed the District Court's judgment of conviction and sentence in Appeal No. 10-3267.

4

On January 29, 2010, the jury found Saldana, Greene, and Roldan guilty of Counts 5, 6, 7, 8, 9, and 10. After holding an evidentiary hearing, the District Court denied Saldana's and Greene's motions for a new trial, which alleged a violation of the Sixth Amendment right to a public trial.

The District Court sentenced Saldana to 41 months imprisonment and entered a Judgment of Conviction on March 18, 2011. The District Court sentenced Greene to 36 months imprisonment and entered a Judgment of Conviction on May 3, 2011. Saldana's appeal was docketed as No. 11-1501, and Greene's appeal was docketed as No. 11-1557.

## II. Discussion

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and 48 U.S.C. § 1613.

### A. Saldana

1. Hobbs Act

Saldana was convicted of extortion under the Hobbs Act, which required the government to prove that the defendant obstructed, delayed, or affected commerce by extortion and that the defendant acted knowingly and willfully. *See United States v. Driggs*, 823 F.2d 52, 54 (3d Cir. 1987) (citing 18 U.S.C. § 1951). Saldana contends that there was insufficient evidence of an actual effect on interstate commerce.

We review *de novo* the District Court's denial of a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). We "view the evidence in the light most favorable to the government and

must sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *United States v. Rosario*, 118 F.3d 160, 163 (3d Cir. 1997) (internal quotations omitted).

We find, as the District Court did, that federal jurisdiction existed under the Hobbs Act based on the "depletion of assets" theory. *See United States v. Marrero*, 299 F.3d 653, 654-55 (7th Cir. 2002). There was sufficient evidence introduced at trial from which a reasonable jury could find beyond a reasonable doubt that interstate commerce was affected, as required for a conviction under the Hobbs Act because the FBI had supplied the $5,000 that was to be paid to defendants. Moreover, although the sham narcotics had already been destroyed, that act was not so far in the past as to be an inappropriate basis for a Hobbs Act violation. We conclude, therefore, that the District Court properly denied Saldana's motion for judgment of acquittal.

2. Brady Violation

Saldana alleges that the government failed to search for possible sources of exculpatory information regarding Sauter, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). For a *Brady* claim, we review factual findings for clear error and legal conclusions *de novo*. *United States v. Perdomo*, 929 F.2d 967, 969 (3d Cir. 1991). To establish a due process violation under *Brady*, a defendant must show that: 1) evidence was suppressed, 2) the suppressed evidence was favorable to the defense, and 3) the suppressed evidence was material either to guilt or to punishment. *United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir. 2005). The District Court found, and we agree, that

6

Saldana has failed to point to any evidence that the government withheld from him or to articulate how such evidence would have resulted in his acquittal.

### 3. Right to Public Trial

Saldana contends that the District Court abused its discretion when it denied his motion for a new trial based on exclusion of the public during jury selection. We review the denial of a motion for a new trial for abuse of discretion. *United States v. Joseph*, 996 F.2d 36, 39 (3d Cir. 1993). Our review is plenary when the denial was "based on the application of legal precepts." *Hook v. Ernst & Young*, 28 F.3d 366, 370 (3d Cir. 1994).

On the basis of testimony introduced at the evidentiary hearing, the District Court found that individuals had been excluded from the courtroom by a Court Security Officer (CSO) during jury roll call at a time when the judge was not present in the courtroom. Moreover, it is not clear whether the closure continued after the judge entered the courtroom. If it did -- and the judge was not aware of any closure – it was for an insignificant period. The District Court concluded that Saldana was not denied his Sixth Amendment right to a public trial because the alleged closure was neither ordered nor directed by the District Court and it did not appear to have occurred during a judicial proceeding to which the Sixth Amendment attaches.

Greene raised an identical claim, based on testimony introduced at the same evidentiary hearing, in a prior related appeal. On appeal of that conviction we affirmed the District Court's ruling that Greene did not suffer harm of constitutional dimension when a CSO temporarily prevented his family member from entering the courtroom. *United States v. Greene*, 431 F. App'x 191, 197 (3d Cir. 2011). We noted there, as we do

7

here, that the partial closure was limited in both duration and scope and occurred unbeknownst to the trial judge. *See id.* at 196-97. Again, we hold that the District Court properly concluded that Saldana was not denied his right to a public trial.

### 4. Jury Instructions

Saldana argues that the District Court erred in denying his request to give a jury instruction on the public authority defense. Where a party objects to the failure to give a particular jury instruction, we review *de novo* whether the jury instructions stated the proper legal standard and review for abuse of discretion the refusal to give a particular instruction. *United States v. Jimenez*, 513 F.3d 62, 74 (3d Cir. 2008). A defendant is "entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Gov't of Virgin Islands v. Isaac*, 50 F.3d 1175, 1180 (3d Cir. 1995). "It is well settled that there is no error to refuse to instruct as counsel wishes if the charge to the jury is correct." *United States v. Blair*, 456 F.2d 514, 520 (3d Cir. 1972).

Public authority, either actual public authority or apparent public authority, is an affirmative defense. *See United States v. Pitt*, 193 F.3d 751, 755-58 (3d Cir. 1999). Saldana testified at trial and denied committing any illegal acts. Because of this evidence, there was no basis for a defense that he was authorized to commit the acts, nor was there any evidence from which a reasonable jury could find in Saldana's favor on a public authority defense. The District Court therefore correctly charged the jury and did not abuse its discretion by refusing to give the requested instruction.

**B. Greene**

   1. Admissibility of Evidence

Greene contends that the District Court abused its discretion when it admitted into evidence summary charts and when it refused to order production of an agent's rough notes. We review the District Court's evidentiary rulings for abuse of discretion. *United States v. Williams*, 458 F.3d 312, 315 (3d Cir. 2006). "[A]n evidentiary ruling is to be reversed only if arbitrary or irrational." *Id.*

   a. Summary Chart

The District Court did not abuse its discretion in admitting into evidence telephone records accompanied by a written certification because they were properly authenticated pursuant to Fed. R. Evid. 803(6) and 902(11). Moreover, the summary chart of those voluminous telephone records was properly admitted pursuant to Fed. R. Evid. 1006. *See United States v. Pelullo*, 964 F.2d 193 (3d Cir. 2002) (noting summary evidence is admissible under Rule 1006 if the underlying materials upon which it is based are admissible).

   b. Rough Notes

The District Court rejected Greene's request for Agent Arthurton's rough notes, finding that "absent other circumstances" there was an "insufficient basis" to require their production. Because Greene failed to raise a "colorable claim" that the rough notes contained *Brady* material that had not been included in Agent Arthurton's report, the District Court correctly denied Greene's request. *See United States v. Ramos*, 27 F.3d 65, 71 (3d Cir. 1994).

## 2. Prior Felony Conviction

Greene contends that the District Court should have ordered a mistrial *sua sponte* following his testimony that he had a prior felony conviction. When a defendant objects but fails to request a mistrial, we review for plain error. *United States v. Richards*, 241 F.3d 335, 341 (3d Cir. 2001). Under that standard, the Court may, in its discretion, correct an error only if the appellant demonstrates that: 1) there is an error, 2) the error is "clear or obvious," 3) the error "affected the appellant's substantial rights," *i.e.,*. affected the outcome of the District Court proceedings, and 4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010).

Although the fact of Greene's prior felony conviction should not have been elicited, he did not testify regarding its nature. At the prompt objection and request of defense counsel, the District Court immediately instructed the jury to disregard the answer and also gave a curative instruction a short time later. The District Court's actions were an adequate cure for any potential prejudice, especially in light of the amount of evidence introduced against Greene at trial. We conclude, therefore, that the error was not plain.

## III. **Conclusion**

For the foregoing reasons, we will affirm the judgments of conviction entered by the District Court.