NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 14-1924

———————————

UNITED STATES OF AMERICA

v.

ITOHAN AGHO-ALLEN,
Appellant

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-11-cr-00113-002)
District Judge: Honorable Christopher C. Conner

———————————

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2015

Before: AMBRO, FUENTES, and ROTH, Circuit Judges

(Opinion filed: January 29, 2015 )

———————————

OPINION[*]

———————————

AMBRO, Circuit Judge

    Itohan Agho-Allen was convicted of conspiracy to commit mail fraud, wire fraud

and money laundering, 18 U.S.C. § 371; wire fraud and aiding and abetting, 18 U.S.C.

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§§ 2, 1343; laundering monetary instruments, 18 U.S.C. § 1956 (a)(1)(A)(i), (a)(1)(B), (a)(2); and engaging in unlawful monetary transactions, 18 U.S.C. § 1957(a). The convictions derive from her involvement in an international mass-marketing fraud scheme in which victims were asked to send an advance fee to collect a prize, purchase an item, serve as a "secret shopper," or assist a relative in need. Agho-Allen operated several Western Union and MoneyGram outlets that were used to launder and transfer the fees to mass marketers in other countries.

Agho-Allen challenges her conviction on two grounds.[1] She first claims that the Government violated the equal protection clause by striking a prospective juror based on religious discrimination. During jury selection, the Government used a preemptory strike against an African American prospective juror. The defense objected under *Batson v. Kentucky* that the strike was based on race. 476 U.S. 79 (1986). The Government justified the strike based on the juror's master's degree in theology; his job at an alternative treatment program for young offenders; and his wife's job as a social worker. It further explained that "individuals who are involved in the religious community . . . as well as individuals who are involved in . . . programs for offenders . . . tend to be more forgiving of defendants." Defense counsel disagreed that "having studied religion makes you a religious person" and rejected that explanation as a "basis" for the strike. The District Court found that the Government's reasons were "race neutral, and for those reasons [did not] see a basis for a *Batson* challenge."

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We review the *Batson* claim for plain error because although Agho-Allen raised a *Batson* objection in the trial court on the basis of race, she did not object on the basis of religion. *United States v. Heron*, 721 F.3d 896, 901 (7th Cir. 2013). To prevail, she must show that the error "is plain, . . . affected [her] substantial rights, and . . . would seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Ward,* 626 F.3d 179, 183 (3d Cir. 2010).

Agho-Allen's claim is foreclosed by our decision in *United States v. DeJesus*, which she does not ask us to reconsider. 347 F.3d 500 (3d Cir. 2003). There we rejected a *Batson* claim because the Government's peremptory strikes were "based on the jurors' heightened religious involvement rather than a specific religious affiliation." *Id.* at 502. Here, the Government did not strike the prospective juror because of an affiliation with a particular religion. After all, a master's degree in theology does not indicate any particular religious affiliation. The Government explained that the preemptory strike was based on the prospective juror's general "involve[ment] in the religious community." Allowing such a strike is not plain error under our Circuit's precedent.

Agho-Allen next claims that the District Court erred by admitting irrelevant and prejudicial testimony about the effect of the crimes on their victims. Fed. R. Evid. 401, 403. We review evidentiary decisions about relevance and prejudice for abuse of discretion. *United States v. Driggs*, 823 F.2d 52, 54 (3d Cir. 1987).

The first witness testified that she lost $2,800 in cashing a fraudulent check and that it took her a year to repay the money to her bank. The second testified that she was embarrassed and endured economic hardship as a result of the fraud. The third testified

3

that his mother, who suffered from Alzheimer's Disease, lost over $72,000 due to fraudulent schemes. The witness failed to acknowledge that only $4,600 of these losses were linked to Agho-Allen's crimes. The fourth witness testified that, as a result of the fraud, two of her children had to go live with their father. She also testified that the fraud "took food off [her] table" and that it "caused a lot of problems."

Agho-Allen argues that, while these statements would be relevant at sentencing, they were not relevant for determining criminal liability. She also argues that any relevance was substantially outweighed by unfair prejudice.

Agho-Allen did not object to the admission of the first three victims' testimony, and it is therefore subject to plain error review. She did, however, object to the admission of the fourth victim's testimony. Even assuming there was an error, "the improper admission of evidence does not require reversing a conviction if it is highly probable that the error did not contribute to the judgment." *United States v. Cross*, 308 F.3d 308, 326 (3d Cir. 2002) (internal quotations omitted). The victims' testimony was only mildly prejudicial, and the Government presented substantial evidence at trial, which included incriminating testimony from Agho-Allen's co-conspirators and data that her business processed more "fraud induced transfers" than any other money service business in North America between August 2008 and March 2009. The alleged errors were thus harmless.

\* \* \* \* \*

For these reasons, we affirm.

4